IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM PORTER,                         :
                                        :
    Plaintiff,                          :
                                        :
vs.                                     :    CIVIL ACTION 08-0346-CG-M
                                        :
CITY OF SELMA BOARD OF                  :
EDUCATION, BARBARA STAPP-HIOUAS,        :
and DEBRA REEVES-HOWARD,                :
                                        :
    Defendants.                         :

REPORT AND RECOMMENDATION

The Motion to Dismiss[1] file by the Defendants (Docs. 9, 15) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1331, pursuant to the provisions of the Age Discrimination in Employment Act (hereinafter *ADEA*).  *See* 29 U.S.C. § 621 *et seq.*  Plaintiff has also invoked the Declaratory Judgment Act (Doc. 1).  *See* 28 U.S.C. §§ 2201-02.  After consideration, it is recommended that Defendants' motion be granted, that the claims for defamation and invasion of privacy be dismissed, and that judgment be entered in favor of Defendants Barbara Stapp-Hiouas and Debra Reeves-Howard and against Plaintiff William Porter.

---

[1] Though Defendants have filed two different pleadings entitled "Motion to Dismiss," the Court finds no reason to treat them separately, especially in light of the fact that the second one (Doc. 15) totally adopted and incorporated the first one (Doc. 9) into it.

The facts, very briefly, are as follows.  Plaintiff William Porter was hired by Defendant City of Selma Board of Education (hereinafter *BOE*) on August 16, 2004 as the Chief School Financial Officer/Custodian of Funds (Doc. 1, ¶ 13).  In October 2006, Porter began his third employment contract in this position (*id.* at ¶ 14).  During a BOE meeting held on February 28, 2007, Defendant Board-Member Debra Reeves-Howard "accused Mr. Porter of making illegal expenditures and having missing funds" (*id.* at ¶ 15).  At a BOE meeting held on April 12, 2007, Board-Member Defendant Barbara Stapp-Hiouas[2] stated "that two million dollars had disappeared and was unaccounted for," which "effectively accused Mr. Porter of theft" (*id.* at ¶¶ 19-20).  On May 26, 2007, Plaintiff "was asked to turn over his office keys to the newly appointed Chief School Financial Officer" (*id.* at ¶ 24).

On June 17, 2008, Porter brought this action, asserting a claim of a violation of ADEA against the BOE and claims of defamation and invasion of privacy against Defendants Reeves-Howard and Stapp-Hiouas (Doc. 1).  The two individual Defendants filed a Motion to Dismiss, seeking to have the claims against them dismissed (Docs. 9, 15).  Plaintiff has Responded to the Motion (Doc. 20) to which Defendants have Replied (Doc. 23).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's

---

[2]Defendant Stapp-Hiouas stated that she was a Member of the Selma BOE in the Motion to Dismiss (Doc. 9, ¶ 1).

2

complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[3]  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a "formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 127 S.Ct. 1955, 1965 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citations omitted).  However, a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."

---

[3]*Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 127 S.Ct. 1955, 1966-69 (2007).  The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

*Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

In their Motion to Dismiss, Defendants have asserted that they enjoy absolute immunity from the two claims raised against them as the statements were made during meetings of the BOE (Doc. 9, p. 1).  Plaintiff acknowledges that the immunity cited by Defendants exists, but argues that it is not applicable to these Defendants as they are not legislators (Doc. 20, p. 3).

In *Hillman v. Yarbrough*, 936 So.2d 1056, 1062 (Ala. 2006), the Alabama Supreme Court stated as follows:

> The Alabama Constitution of 1901, § 56, affords absolute legislative immunity to members of the legislature, providing that "for any speech or debate in either house [the legislators] shall not be questioned in any other place."  At least as early as 1967, this Court recognized the availability of an absolute privilege for communications "made in the course of legislative or judicial proceedings, and acts of state made under authority of law."  *Tonsmeire v. Tonsmeire*, 281 Ala. 102, 106, 199 So.2d 645, 648 (1967).  In 2003, in *Butler v. Town of Argo*, 871 So.2d 1 (Ala.2003), this Court noted that "[t]his privilege has been extended to members of local legislative bodies," quoting *Restatement (Second) of Torts* § 590 (1977), which provides that "'[a] member of the Congress of the United States or of a State or local legislative body is absolutely privileged to publish defamatory matter concerning another in the performance of his legislative functions.'"  871 So.2d at 24 (emphasis added).

*Hillman*, 936 So.2d at 1062.  For the defense to be available, the defamatory publication must be made "during the performance of the members' legislative duties."  *Hillman*, 936 So.2d at 1062 (quoting *Butler*, 871 So.2d at 24).  This law establishes the immunity which the Parties agree exists.  The question now for the Court to decide is whether it is applicable to school board members.

In *Bessemer Board of Education v. Tucker*, 2008 WL 2469367 *3 (Ala. Civ. App. 2008), the Alabama Court of Civil Appeals held the following:

> "'County boards of education are not agencies of the counties, but local agencies of the state, charged by the legislature with the task of supervising public education within the counties.  *See* §§ 16-8-8, -9, Code 1975; *Clark v. Jefferson County Board of Education*, 410 So.2d 23, 27 (Ala. 1982).  They execute a state function-not a county function-namely, education.  *Sims v. Etowah County Board of Education*, 337 So.2d [1310] at 1317 [(Ala. 1976)] (Faulkner, J., dissenting), citing Alabama Constitution, Art. 12 § 256.  Therefore, they partake of the state's immunity from suit to the extent that the legislature authorizes.  *Sims v. Etowah County Board of Education*, 337 So.2d at 1316; *Enterprise City Board of Education[ v. Miller]*, 348 So.2d [782] at 783 [(Ala. 1977)]. [Footnote omitted.]'"

*Tucker*, 2008 WL 2469367 *3 (quoting *Hutt v. Etowah County Board of Education*, 454 So.2d 973 (Ala. 1984)).  The Court notes that

the immunity comes through Ala. Const. Art. 1, § 14.[4]  *Tucker*, 2008 WL 2469367 *3.  The *Tucker* Court also noted that "city boards of education are agencies of the state in the same manner as county boards of education."  *Tucker*, 2008 WL 2469367 *4 (citing *Enterprise City Bd. of Educ. v. Miller*, 348 So.2d 782, 783 (Ala. 1977)).  It is also noted that "[t]he Supreme Court of Alabama repeatedly has held that county boards of education are arms of the state and, thus, not subject to tort liability under the doctrine of sovereign, *i.e.*, absolute immunity.  *Belcher v. Jefferson County Bd. of Educ.*, 474 So.2d 1063, 1065066 (Ala. 1985); *Palmer v. Perry County Bd. of Educ.*, 496 So.2d 2, 5 (Ala. 1986) ('The Board and its members are immune from tort actions in their official capacities by reason of sovereign immunity.')."  *Does v. Covington County School Board*, 884 F.Supp. 462, 466-67 (M.D. Ala. 1995).

These cases clearly show that the Defendants in this action, school board members speaking at school board meetings regarding the business of the school board, enjoy absolute immunity in their official capacities.  The Court finds that this is a dispositive issue of law and that this action should be dismissed as to these two Defendants under the law of *Executive 100, Inc. v. Martin County*, 922 F.2d at 1539.

The *Does* Court went on to state, however, that the

---

[4]"That the State of Alabama shall never be made a defendant in any court of law or equity."

Defendants "in their individual capacities are not entitled to sovereign immunity."  *Does*, 884 F.Supp. at 467.  The Court does not, however, understand Plaintiff to raise claims against these two Defendants in their individual capacities.  The Court reaches this conclusion by again noting that the claims against them are based on statements made in their capacity as school board members at school board meetings (*see* Doc. 1, ¶¶ 15, 19-20).

In summary, Plaintiff has brought claims of defamation and invasion of privacy against Defendants Barbara Stapp-Hiouas and Debra Reeves-Howard.  As school board members performing their duties in their official capacity, the Defendants are absolutely immune from suit.  Therefore, it is recommended that Defendants' Motion to Dismiss (Docs. 9, 15) be granted, that the claims for defamation and invasion of privacy be dismissed, and that judgment be entered in favor of Defendants Barbara Stapp-Hiouas and Debra Reeves-Howard and against Plaintiff William Porter.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 19th day of August, 2008.


                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE